UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| WENDY JO HAYS, | : | CASE NO. 1:20-cv-02243 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 1; 14] |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Wendy Jo Hays seeks judicial review of the Social Security Commissioner's final decision denying Plaintiff Hays's application for a period of disability and disability insurance benefits.[1]

In support of her request for review, Plaintiff argues that the Administrative Law Judge committed harmful error when he failed to conduct a meaningful review of Listing 14.02 regarding Plaintiff's systemic lupus erythematosus, when he improperly assessed medical opinions, and when he failed to properly consider Plaintiff's subjective symptoms in accordance with Social Security Ruling 16-3p.[2] The Commissioner opposes.[3] Plaintiff replies.[4]

Magistrate Judge Jonathan Greenberg filed a Report and Recommendation, recommending the Court affirm the Commissioner's decision.[5] Plaintiff Hays objects.[6] The

---

[1] Doc. 1.
[2] Doc. 14.
[3] Doc. 16.
[4] Doc. 17.
[5] Doc. 18.
[6] Doc. 19.

Case No. 1:20-cv-02243
GWIN, J.

Commissioner responds.[7]

With this decision, the Court determines whether the Social Security Administration's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[8]

For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Greenberg's Report and Recommendation.

I. Background

In June 2018, Plaintiff Wendy Jo Hays applied for a period of disability and disability insurance benefits.[9] She claims that mental health conditions and physical health conditions, including diabetes and systemic lupus erythematosus, disable her from employment. The Social Security Administration denied Hays' application initially and upon reconsideration.[10]

Plaintiff Hays requested a hearing before a Social Security Administrative Law Judge ("ALJ").[11] On September 27, 2019, an ALJ conducted a hearing on Hays' case.[12] On October 21, 2019, the ALJ found Hays was not disabled and denied Hays' claim.[13] The Appeals Council declined to further review Hays' case.[14] The ALJ's decision is the Social Security Commissioner's final decision.

On October 5, 2020, Plaintiff Hays filed this case seeking judicial review of the Commissioner's final decision.[15] In her merits brief, Plaintiff asserts that the ALJ failed to conduct a meaningful review of Listing 14.02 regarding Plaintiff's systemic lupus

---

[7] Doc. 20.
[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(g).
[9] Doc. 12 at 198–99. For consistency, this opinion cites to the PDF page number of the relevant document.
[10] *Id.* at 11; 5.
[11] *Id.* at 151–52.
[12] *Id.* at 37–85.
[13] *Id.* at 11–31.
[14] Doc. 12 at 5–8.
[15] Doc. 1; Doc. 14.

- 2 -

Case No. 1:20-cv-02243
GWIN, J.

erythematosus, improperly assessed medical opinions, and failed to properly consider Plaintiff's subjective symptoms in accordance with Social Security Ruling 16-3p.[16]

Defendant Commissioner filed a responding merits brief arguing that substantial evidence supported the ALJ's determination that Plaintiff's systemic lupus erythematosus did not meet Listing 14.02, and the ALJ properly evaluated both the medical opinion evidence and Plaintiff's symptoms under the regulations.[17]

On November 1, 2021, Magistrate Judge Greenberg issued a Report and Recommendation.[18] Magistrate Judge Greenberg recommended this Court affirm the Commissioner's final decision.[19] Magistrate Judge Greenberg found that substantial evidence supported the ALJ's conclusion that Plaintiff did not meet Listing 14.02.[20] Magistrate Judge Greenberg also found that the ALJ complied with the regulations in the ALJ's evaluation of the medical opinions and Hays' subjective symptoms.[21]

## II. Legal Standard

The Court reviews *de novo* the objected-to portions of a Magistrate Judge's Report and Recommendation.[22]

When reviewing an ALJ's disability determination under the Social Security Act, a district court determines whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[23] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[24]

---

[16] Doc. 14.
[17] Doc. 16.
[18] Doc. 18.
[19] *Id.*
[20] *Id.* at 25.
[21] *Id.* at 37.
[22] 28 U.S.C. § 636(b)(1).
[23] *Rogers*, 486 F.3d at 241; 42 U.S.C. § 405(g).
[24] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).

Case No. 1:20-cv-02243
GWIN, J.

Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[25] Even if substantial evidence supports the ALJ's decision, the decision cannot be upheld where the reasons given by the ALJ, "do not build an accurate and logical bridge between the evidence and the result."[26]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[27] A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[28]

### III. Discussion

#### A. Substantial Evidence Supports the ALJ's Determination that Plaintiff Failed to Meet Listing 14.02.

Plaintiff argues that the ALJ committed harmful error when the ALJ failed to sufficiently consider Listing 14.02 regarding Plaintiff's systemic lupus erythematosus.[29]

To satisfy Listing 14.02A, Plaintiff must have systemic lupus erythematosus[30] that involves two or more body systems, with one of the body systems involved to at least a moderate level of severity, and at least two constitutional symptoms such as severe fatigue, fever, or malaise.[31]

Plaintiff bears the burden of producing evidence demonstrating that she meets the

---

[25] *Id.*
[26] *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).
[27] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[28] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). *See also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.").
[29] Doc. 14 at 11.
[30] Systemic lupus erythematosus is described in Listing 14.00D(1) as a chronic inflammatory disease that can affect any organ or body system. 20 C.F.R. § 404, Subpt. P, App. 1, Listing 14.00D1.
[31] 20 C.F.R. § 404, Subpt. P, App. 1, Listing 14.02.

- 4 -

Case No. 1:20-cv-02243
GWIN, J.

Listing's requirements.[32] Plaintiff must satisfy all of the listing's criteria to "meet" the listing.[33]

Plaintiff argues that her mental, skin, and musculoskeletal systems' involvement with her systemic lupus erythematosus rose to a moderate level of severity.[34] The ALJ disagreed.[35]

Substantial evidence supports the ALJ's conclusion that Plaintiff Hays did not meet Listing 14.02. The ALJ considered testimonial, medical, and opinion evidence regarding Plaintiff's impairments, including the evidence on which Hays relies in arguing she meets the Listing.[36]

The ALJ acknowledged evidence regarding Plaintiff's anxiety and PTSD but concluded that Plaintiff, "retains a fair capacity to understand, remember, and apply information," and "has no more than minor difficulty interacting with others appropriately."[37] The ALJ also found that Plaintiff displayed a rash on occasion but it was consistently described as "mild" in treatment records.[38] Finally, the ALJ found that the evidence did not reveal synovitis or significant loss of range of motion in Plaintiff's joints.[39]

Substantial evidence supported the ALJ's conclusion that Plaintiff Hays did not meet the requirements of Listing 14.02.[40]

### B. The ALJ Properly Evaluated Medical Opinions.

Plaintiff also argued that the ALJ failed to assess medical opinions in accordance with the regulations and therefore erred in the ALJ's Residual Functional Capacity

---

[32] *Miller v. Comm'r of Soc. Sec.*, 848 F. Supp. 2d 694, 708 (E.D. Mich. 2011) (citation omitted).
[33] *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009).
[34] Doc. 14 at 15.
[35] Doc. 12 at 18–21.
[36] *Id.* at 18–29.
[37] *Id.* at 19–20.
[38] *Id.* at 19.
[39] *Id.*
[40] *Vidot v. Colvin*, No. 1:14 CV 1343, 2015 WL 3824360, at *7–8 (N.D. Ohio June 18, 2015) ("Under the substantial evidence standard, it is immaterial whether there is evidence of record capable of supporting a finding that the listing was satisfied. An administrative decision is not subject to reversal merely because substantial evidence could have supported such findings or because Vidot proffers a different interpretation of the evidence."); *Her*, 203 F.3d at 389–90.

- 5 -

Case No. 1:20-cv-02243
GWIN, J.

assessment.[41] Plaintiff specifically contests the ALJ's assessment of the state agency reviewing physicians', Dr. Ramella's, Dr. Ignat's, Dr. Wax's, and Dr. Davis's opinions.

For claims filed after March 2017, the regulations no longer require ALJs to defer or give any specific evidentiary weight, including controlling weight, to any medical opinion.[42] These regulations cover opinions by treating physicians.[43] Instead of the former weighting, ALJs must evaluate all medical opinions using five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.[44] Supportability and consistency are the most important factors.[45] The ALJ is required to explain how they considered the supportability and consistency of relevant medical opinions in their written decision.[46] Because Plaintiff's claim was filed in June 2018, the new regulations apply.

The ALJ evaluated each doctor's opinions under the new regulations.

With respect to the state agency reviewing physicians' opinions, the ALJ found their opinions "well-supported by the evidence that was available to each at the time of their determinations."[47] The ALJ also considered evidence given after the state agency reviewing physicians' opinions in the ALJ's assessment and resulting Residual Functional Capacity determination.[48]

The ALJ also considered Dr. Ramella's opinion that Plaintiff had limitations on prolonged standing and walking, but found it "minimally persuasive," because Dr. Ramella

---

[41] Doc. 14 at 16–20.
[42] 20 C.F.R. § 404.1520c(a).
[43] *Id.*
[44] 20 C.F.R. § 404.1520c(c).
[45] 20 C.F.R. § 404.1520c(a).
[46] 20 C.F.R. § 404.1520c(b)(2).
[47] Doc. 12 at 26.
[48] *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513–14 (6th Cir. 2010) (determining that an ALJ did not err where the ALJ considered evidence that post-dated a doctor's review in assessing the doctor's opinion).

Case No. 1:20-cv-02243
GWIN, J.

conducted only one examination of Plaintiff.[49] A doctor's relationship with the claimant is a factor ALJs may use to evaluate the persuasiveness of a medical opinion.[50]

The ALJ evaluated Dr. Ignat's opinion in depth.[51] The ALJ found Dr. Ignat's first opinion vague and therefore unpersuasive, and found Dr. Ignat's second opinion not persuasive, "as the degree of limitation [Dr. Ignat] suggest[ed] is not supported by [Dr. Ignat's] own treatment notes, nor those of other [examining] physicians."[52] "The vagueness of a medical opinion is a proper basis on which to afford it less weight."[53] Further, supportability and consistency are the most important factors for evaluating medical opinions.[54] Therefore, the ALJ's evaluation was proper.

Finally, Plaintiff argues the ALJ erred in evaluating the opinions of examining psychologists Dr. Wax and Dr. Davis.[55] The ALJ, however, correctly evaluated both the supportability and consistency of Dr. Wax's and Dr. Davis's medical opinions.[56]

The ALJ complied with the regulations in evaluating the medical opinions. While Plaintiff might assess the evidence differently, the ALJ's findings are not subject to reversal merely because record evidence could support a different conclusion.[57]

### C. The ALJ Properly Evaluated Plaintiff's Testimony and Plaintiff's Husband's Report.

---

[49] Doc. 12 at 27.
[50] 20 C.F.R. § 404.1520c(c).
[51] Doc. 12 at 27.
[52] *Id.*
[53] *Ackles v. Comm'r of Soc. Sec.*, 470 F. Supp. 3d 744, 747 (N.D. Ohio 2020) (citing *Gaskin v. Comm'r of Soc. Sec.*, 280 F. App'x 472, 476 (6th Cir. 2008)).
[54] 20 C.F.R. § 404.1520c(b)(2).
[55] Doc. 14 at 19.
[56] Doc. 12 at 28 ("Dr. Wax's opinion is only partially persuasive, because he examined the claimant well before her alleged onset date in the current claim. The undersigned considered it only to the extent that it was consistent with the more recent psychological consultative examination and other evidence of record. . . . Dr. Davis' opinion is somewhat persuasive. . . . [H]is conclusions are well-supported by the documentation of his examination with the claimant, and are consistent with the other evidence of record.").
[57] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (internal citation omitted).

Case No. 1:20-cv-02243
GWIN, J.

Plaintiff argues that the ALJ erred when he failed to properly consider Plaintiff's testimony on her symptoms and when he "summarily dismissed the detailed report" from Plaintiff's husband.[58]

When a claimant alleges symptoms of disabling severity, the ALJ follows a two-step process for evaluating these symptoms.[59] First, the ALJ must determine if there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's symptoms.[60] If such an impairment exists, then the ALJ must next "evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [those] symptoms limit [the claimant's] capacity for work."[61]

In evaluating a claimant's alleged symptoms, the ALJ considers factors including: 1) daily activities; 2) location, duration, frequency, and intensity of pain or symptoms; 3) precipitating and aggravating factors; 4) the type, dosage, effectiveness, and side effects of any medication; 5) treatment, other than medication, to relieve pain; 6) any measures used to relieve pain; and 7) other factors concerning functional limitations and restrictions due to pain or other symptoms.[62] However, an "ALJ need not analyze all seven factors."[63]

The ALJ, and not the reviewing court, must make credibility determinations regarding the claimant's subjective complaints.[64] The ALJ's decision must be rooted in the record and must contain "specific reasons for the weight given to the [claimant's] symptoms."[65]

---

[58] Doc. 14 at 20–23.
[59] *See e.g.*, *Massey v. Comm'r of Soc. Sec.*, 409 F. App'x 917, 921 (6th Cir. 2011).
[60] *Rogers*, 486 F.3d at 247 (citing 20 C.F.R. § 416.929(a)).
[61] 20 C.F.R. § 416.929(c)(1).
[62] 20 C.F.R. § 416.929(c)(3).
[63] *Hatcher v. Berryhill*, Case No. 1:18-cv-1123, 2019 WL 1382288, at *15 (N.D. Ohio March 27, 2019) (internal citations omitted).
[64] *Rogers*, 486 F.3d at 247 (internal citations omitted); *see also Jones*, 336 F.3d at 476 ("Upon review, we are to accord the ALJ's determinations of credibility great weight.").
[65] *Id.*; SSR 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017).

- 8 -

Case No. 1:20-cv-02243
GWIN, J.

The ALJ appropriately evaluated Plaintiff's testimony and other statements regarding her symptoms and limitations.[66] The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms.[67] However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not consistent with medical evidence and other record evidence.[68]

Substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints. As the ALJ notes, the record evidence is not consistent with Plaintiff's allegations of disabling conditions.[69] While the ALJ did credit some of Plaintiff's subjective symptoms, the ALJ did not credit them to the extent Plaintiff alleged because of contrary findings regarding her daily activities and medical opinions—factors the ALJ may use in evaluating symptoms.

Finally, the ALJ did not err in evaluating Plaintiff's husband's report. The ALJ was not required to explain how he considered Plaintiff's husband's report as it came from a non-medical source.[70]

Therefore, the ALJ evaluated Plaintiff's subjective symptoms and Plaintiff's husband's report under the regulations and substantial evidence supports the evaluation.

IV.   **Conclusion**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Greenberg's Report and Recommendation.

---

[66] Doc. 12 at 22–26.
[67] *Id.* at 22.
[68] *Id.* at 22–26.
[69] *See, e.g., id.* at 23 ("The claimant also intermittently reports myalgias and arthralgias during her medical appointments as a result of lupus and myofascial pain syndrome. Physical examinations prior to her foot injury describe her as having a normal gait, and generally there are findings of normal movement of all extremities, normal muscle strength and tone, and no synovitis in the elbows, shoulders, hips, knees, ankles, feet and toes."); *id.* at 26 ("[T]he claimant alleged severe hand pain; however, physical examinations do not establish significant hand swelling or synovitis.").
[70] 20 C.F.R. § 416.920c(d) ("We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a) through (c) in this section."); Doc. 12 at 27 ("Mr. Hayes is not a medical professional; therefore, his opinion regarding his wife's symptoms is neither valuable nor persuasive, because he is not qualified to determine whether her impairments result in the behavior and limitations he describes in his statement.").

Case No. 1:20-cv-02243
GWIN, J.

    IT IS SO ORDERED.

Dated: December 10, 2021                             *s/     James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE